# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**

   **Plaintiff,**

vs.   Case No. 4:17cv134-MW/CAS

**EMILY GLENN, et al.,**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se inmate at the Leon County Jail, filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff paid $350.00 at the time of case initiation, ECF No. 3, and has now paid the balance of the filing fee. ECF No. 5.

Plaintiff has not complied with Local Rule 5.6. In Plaintiff's prior cases, he has been made aware of that Rule which requires a party who files a case to also file a notice if: "(A) a case in this District that includes an identical claim—or a similar claim—between some or all of the same or related parties was previously terminated by any means; or (B) the new case involves issues of fact or law in common with the issues in another

case pending in the District." N.D. Fla. Loc. R. 5.6. Plaintiff is a frequent filer and has submitted numerous cases which include common issues of fact or law. Plaintiff should have filed a Rule 5.6 "Notice of a Prior of Similar Case." Provided with information as explained in this Report and Recommendation, Plaintiff will be able to do so in any future cases.

Plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Each factual allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Under Rule 10, a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Plaintiff's complaint does not comply with these Rules as he has included a multitude of exhibits and a memorandum with his complaint, totaling over 350 pages. That is not a short and plain statement.

Plaintiff signed his complaint under penalty of perjury, declaring all statements of fact to be true and correct. *See* ECF No. 1 at 16. Plaintiff alleges that he has "not been properly convicted of a felony law violation."

ECF No. 1 at 3.  That is not true.  Judicial notice is taken of prior habeas petitions filed by Plaintiff in this Court.[1]  Case # 4:06cv293-SPM/WCS.  That case establishes that Plaintiff "entered a guilty plea to the charge of possession of a firearm by a convicted felon and was sentenced to five years imprisonment (to be followed by community control and then probation)."  ECF No. 62 at 2-3.  Plaintiff has several felony convictions which need not be explained further here, but are pointed out because they have not been invalidated or otherwise overturned on appeal.  *See* case # 4:06cv293, ECF Nos. 67, 74; case # 4:06cv452, ECF Nos. 34, 74, 94, 108-111.  Those cases contradict Plaintiff's assertion in the instant complaint.  Plaintiff has, thus, made a false statement.  His refusal to accept the judicial rulings in his many prior cases does not mean that he was not "properly" convicted in compliance with due process.

Additionally, Plaintiff has named three public defenders as Defendants in this case.  ECF No. 1 at 2.  As Plaintiff is aware from his prior cases in this Court, claims against public defenders for their representation of Plaintiff in his criminal cases cannot go forward because

---

[1] Plaintiff filed two petitions in that case and also filed a separate, additional habeas petition in case number 4:06cv452-SPM/WCS.

Case No. 4:17cv134-MW/CAS

such persons are not "state actors" for purposes of § 1983. *See, e.g.*, ECF Nos. 6, 12, case # 4:14cv339-RH/CAS. Those claims are insufficient and must be dismissed.

Plaintiff also continues to name three state court judges as Defendants in this case. ECF No. 1 at 2-3. Plaintiff is well aware that judges are entitled to absolute immunity for all actions taken in their judicial capacities. *See, e.g.*, ECF Nos. 6, 12, case # 4:14cv339-RH/CAS. Such claims are insufficient and must be dismissed.

Furthermore, Plaintiff has named two assistant state attorneys as Defendants as well. ECF No. 1 at 3. Prosecutors also enjoy "absolute immunity from allegations stemming from the prosecutor's function as advocate." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (quoted in ECF No. 6 at 5, case # 4:14cv339-RH/CAS). Those claims are also insufficient and must be dismissed.

Plaintiff again seeks to collaterally challenge his prior convictions by arguing that he could not be arrested for a violation of probation or community control if the state court "did not have jurisdiction on the underlying offense." ECF No. 1 at 4. He contends he was charged by an

Information which "failed to allege essential elements of the offense charge[d]" and "completely failed to allege a crime under state law." ECF No. 1 at 5. Thus, Plaintiff claims the state court "acted without jurisdiction" and he was "unlawfully sentenced" which included two years of community control followed by five years of probation." *Id.*

First, Plaintiff's criminal convictions have all been upheld and Plaintiff's argument is frivolous. Second, Plaintiff alleges the "frivolous order of community control was filed on May 25, 2006, by James Shelfer." *Id.* Even if it were possible to challenge a criminal judgment in a civil rights case, and it is not, Plaintiff cannot challenge those events in 2017 as they are barred by the four year statute of limitations.

Third, Plaintiff alleges that he has been charged with violating several conditions of probation. ECF No. 1 at 6. He claims probable cause is lacking. *Id.* Nevertheless, Judge Carroll found Plaintiff violated his probation and Plaintiff was arrested on January 9, 2015. *Id.* at 7. Plaintiff also alleges that Judge Shelfer found Plaintiff guilty of violating community control. *Id.* at 9. Nevertheless, Plaintiff alleges his "strong belief" that defense counsel and the prosecutor conspired to secure his conviction. *Id.*

Plaintiff alleges no facts in support of that conclusory claim.  It is insufficient as a basis to continue to present claims against those two officials under § 1983.[2]  Moreover, Plaintiff's facts reveal that those officials disagreed with Plaintiff's position on the issue of whether the Information in case 2002-CF-47 properly charged him with a crime.  See ECF No. 1 at 7.  That claim has most certainly been rejected in one or more of Plaintiff's prior 24 federal civil rights cases which have already been dismissed in this Court.[3]

---

[2] As Plaintiff has been informed in numerous cases, representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors.  Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  See ECF No. 6, case # 4:14cv339.

[3] Plaintiff Randall Lamont Rolle has filed 26 civil cases in this Court alone: case # 4:05cv332-MP-EMT, filed 09/13/05 and closed 04/27/06; case # 4:05cv333-MP-EMT, filed 09/13/05 and closed 04/21/06; case # 4:05cv334-MP-EMT, filed 09/13/05 and closed 07/18/06; case # 4:05cv479-WS-AK, filed 12/13/05 and closed 12/22/05; case # 4:06cv373-MP-WCS, filed 08/10/06 and closed 12/22/06; case # 4:06cv401-RH-WCS, filed 08/31/06 and closed 07/27/09; case # 4:06cv406-MP-WCS, filed 09/01/06 and closed 12/22/06; case # 4:06cv408-RH-AK, filed 09/05/06 and closed 05/14/07; case # 4:07cv167-RH-AK, filed 04/10/07 and closed 03/21/08; case # 4:07cv262-SPM-MD, filed 06/05/07 and closed 11/29/07; case # 4:07cv285-RH-WCS, filed 06/19/07 and closed 09/12/07; case # 4:07cv317-MP-WCS, filed on 07/19/07 and closed 08/08/07; case # 4:08cv453-RH-WCS, filed 10/15/08 and closed 12/10/08; case # 4:08cv456-SPM-WCS, filed 10/16/08 and closed 06/30/09; case # 4:10cv153-MP-AK, filed 04/28/10 and closed 06/15/10; case # 4:14cv339-RH-CAS, filed 07/02/14 and closed 03/28/16; case # 4:14cv340-WS-GRJ, filed 07/02/14 and closed 07/11/14; case # 4:14cv341-RH-CAS, filed 07/02/14 and closed 08/04/14; case # 4:14cv342-RH-CAS, filed 07/02/14 and closed 09/02/14; case # 4:14cv348-WS-GRJ, filed 07/07/14 and closed 09/03/14; case # 4:14cv349-RH-GRJ, filed 07/07/14 and closed 08/26/14; case

Plaintiff alleges he sought to have his defense counsel raise claims on his behalf challenging his underlying 2002 criminal conviction and attack the affidavit used in support of the petition charging him with violations of his probation or conditional release.  ECF No. 10.  Counsel refused and Judge Shelfer found there "were no grounds" to challenge the petition.  *Id.*  Plaintiff alleges he had his violation of probation hearing on July 5, 2016, before Judge Fitzpatrick.  *Id.*  Plaintiff was found guilty of violating condition 15.  *Id.* at 10-11.  Plaintiff was, however, released from jail on July 6, 2016, and returned to probation.  *Id.* at 11.

However, on July 8, 2016, Judge Fitzpatrick signed a new warrants for Plaintiff's arrest for violating probation.  *Id.*  Plaintiff was arrested on October 9, 2016, and his request for release on bond has been denied.  *Id.* at 11-12.  It appears that Plaintiff is still facing a hearing on the charged violation of probation.

Plaintiff continues to challenge his August 19, 2002, conviction and sentence, and his February 12, 2004, conviction and sentence.  ECF No. 1

---

# 4:14cv350-RH-CAS, filed 07/07/14 and closed 08/04/14; case # 4:14cv672-RH-GRJ, filed 12/18/14 and closed 05/22/15, case # 4:14cv676-MW-CAS, filed 12/19/14 and closed 01/08/15.  Plaintiff also has two cases which, as of this date, are still pending: case # 4:16cv50-RH/GRJ, filed 01/27/16, and this case.

Case No. 4:17cv134-MW/CAS

at 14. Because his community control and probation stems from those convictions, which Plaintiff refuses to accept as valid, Plaintiff claims here that his arrest is unlawful is frivolous. Plaintiff's repeated challenges to those convictions are an abuse of the judicial process. That reason alone provides sufficient justification to dismiss this case.

However, there is another compelling reason. The "abstention doctrine" permits federal courts to decline to adjudicate a claim to avoid interfering with the conduct of ongoing state court proceedings. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Because Plaintiff's violation of probation hearing appears to be still pending in state court, this Court should abstain under the Younger doctrine. *See* Redner v. City of Tampa, 723 F. Supp. 1448, 1451-54 (M.D. Fla. 1989) (noting the "nature of the equitable relief sought here by plaintiffs favors federal abstention in light of the parallel state court proceedings in which plaintiffs seek comparable equitable relief."). Plaintiff has an avenue in state court in which to raise challenges to the petition for violation of probation. "When 'constitutional claims presented [in federal court] are inextricably intertwined with the state court's' grant or denial of relief,' the federal court

should not entertain the claims." Eitel v. Holland, 798 F.2d 815, 818 (5th Cir. 1986). His requests for relief in this case (a declaration that his rights have been violated and an "injunction requiring probation officers to attach order of probation/community control to their violation report and affidavit) are inextricably intertwined with Plaintiff's pending VOP hearing as they pertain to the remaining claims against his probation officer and two supervisors. This case should be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted, as an abuse of the judicial process, and pursuant to the Younger abstention doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on March 31, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.